United States District Court
Southern District of Texas
**ENTERED**
January 17, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BROCK ANDREW STARKEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-04055 |
| | § | |
| **BRYAN COLLIER, DR. LANNETTE LINTHICUM, JOHN DOE, JOHN DOE, JOHN DOE, CATHERINE MAYO, KHARI MOTT, SEUNG TAEK LIM, BRAD C. BURNS, and JOHN PULVINO,** | § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Brock Andrew Starkey is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed suit under 42 U.S.C. § 1983 alleging that the Defendants used excessive force against him and denied him medical care for his injuries. He seeks monetary and injunctive relief.

Starkey previously obtained a default judgment against Defendant Khari Mott, and the remaining Defendants have now moved to dismiss the claims against them. Based on the pleadings, the motion, and the applicable law, Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Dkt. No. 58), is **GRANTED IN PART** and **DENIED IN PART**.

I.     **BACKGROUND**[1]

Brock Andrew Starkey alleges that around February 2018, he was assaulted by TDCJ Corrections Officers at the Estelle Unit, with Defendant Brad C. Burns as the primary offender. (Dkt. No. 1 at 7). Starkey was sent to Huntsville Memorial Hospital, although it is unclear from the Complaint whether he was hospitalized for injuries sustained in the alleged assault or for a mental health evaluation. (*Id.* at 8). Starkey alleges that after his return to the Estelle Unit, he began requesting medical attention for physical injuries; again, it is unclear whether these injuries resulted from the alleged assault. (*Id.*).

Starkey claims that later, on or about August 8, 2018, he had a telemedicine visit during which Dr. Mark A. Barber suggested to him that he might have a hernia. (*Id.* at 9). Dr. Barber ordered x-rays, and Starkey was transferred to the Lovelady Unit, where x-rays were taken about one month later. (*Id.*). Starkey further alleges that he was diagnosed with potential pernicious anemia in July 2019 and was prescribed monthly B-12 injections. (*Id.* at 10). According to Starkey, he continues to suffer pain from injuries sustained in the alleged assault and has unsuccessfully attempted to receive medical treatment from the Defendants. (*Id.* 10–11). Starkey seeks monetary and injunctive relief for the alleged use of excessive force and deliberate indifference to his serious medical needs. (*Id.* at 14–17).

---

[1] For purposes of addressing this Motion, the Court accepts all factual allegations by the party seeking to assert personal jurisdiction, and resolves all conflicts in that party's favor. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

## II.   LEGAL STANDARD

### A.   RULE 12(B)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Ass'n of Miss., Inc., v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).

### B.   RULE 12(B)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The defendant, as the moving party, bears the burden of proving that no legally cognizable

3

claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

### III.   DISCUSSION

The Defendants argue that they are immune from suit for damages in their official capacities and that they did not violate Starkey's rights. (Dkt. No. 58 at 2–9). The Court addresses their arguments in turn.

### A.     ELEVENTH AMENDMENT IMMUNITY

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). A suit for damages against a state official in his official capacity is not considered to be a suit against the individual, but rather against the state. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991). This Court, therefore, lacks subject matter jurisdiction over Starkey's claims for monetary damages against the Defendants in their official capacities.

### B.     CLAIMS FOR INJUNCTIVE RELIEF

Starkey seeks an injunction barring the Defendants from retaliating against him or harassing him for bringing this case. (Dkt. No. 1 at 16). However, his Complaint does not allege that any such retaliation or harassment has occurred. Under Article III of the Constitution, a federal court cannot adjudicate hypothetical claims, but only actual cases or controversies. *See* U.S. Const. art. III, § 2. To satisfy the requirements of Article III, an injury in fact must be "concrete . . . and actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (cleaned up). Starkey's claims for injunctive relief are entirely hypothetical. His Complaint alleges no retaliation or harassment yet seeks to enjoin possible future harassment or retaliation. These claims are hypothetical, not concrete, actual, or imminent. This Court therefore lacks jurisdiction to adjudicate them.

Even if the Court were to consider Starkey's allegation that a hold has been placed on his prisoner trust fund account for no reason, this allegation, even if true, does not constitute retaliation.

> To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.

*Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999)). Accepting Starkey's assertions in his response as true, he still fails to plead any facts showing an intent to retaliate or causation. He therefore fails to state a claim for retaliation.

### C. CLAIMS AGAINST COLLIER, LINTHICUM, AND PULVINO

To prevail on his claims, Starkey must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the Defendants committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). In addition, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Defendant Bryan Collier is the Executive Director of the Texas Department of Criminal Justice. (Dkt. No. 1 at 3). Defendant Lannette Linthicum is described in the Complaint as "the last known Director of T.D.C.J. Health Services Division." (*Id.*). Pulvino's position is unclear from the pleadings. (*See id.* at 3–6). Starkey makes no

6

specific allegations concerning any of these three Defendants, pleads no facts showing that any of these Defendants are directly responsible for providing medical care to inmates, and appears to sue Collier and Linthicum based solely on their supervisory positions. Because none of these Defendants was personally involved in any of the alleged wrongful acts or omissions, Starkey's claims against them must be dismissed.

### D.  DELIBERATE INDIFFERENCE

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Thus, an Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S.Ct. at 1978. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836, 114 S.Ct. at 1974, 1978.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

7

> clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The Defendants argue that allegations in Starkey's Complaint and exhibits to the Complaint show that Starkey received medical attention. (Dkt. No. 58 at 6–7). While these documents do show that he eventually received medical care, they do not contradict his allegation that he requested care for several months before being appropriately treated. For example, grievances attached to the Complaint show that Starkey was told he would be seen by a doctor, but no appointment was ever scheduled, (Dkt. No. 1 at 37), that requests for care were ignored, (*id.* at 39), and that one of the Defendants accused him of fabricating his symptoms, (*id.* at 41–42).

While it may be that the Defendants will be able to show, upon the presentation of evidence, that Starkey did receive constitutionally adequate medical care, the Complaint sufficiently alleges facts supporting his claim that he did not. The Motion to Dismiss is therefore denied as to Starkey's deliberate indifference claims.

### E. EXCESSIVE FORCE

Starkey also alleges that he was assaulted by Defendant Burns but offers no details about the alleged assault. (*See* Dkt. No. 1 at 7). "[I]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations[.]" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "'[C]onclusory allegations and unwarranted deductions of

fact are not admitted as true' by a motion to dismiss." *Id.* (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). Because Starkey's excessive force claim is conclusory and no facts in the Complaint support it, the claim fails to state a plausible claim to relief and is dismissed.

### F. QUALIFIED IMMUNITY

The Defendants argue that they are entitled to qualified immunity. (Dkt. No. 58 at 8–9). "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512, 114 S.Ct. 1019, 1021, 127 L.Ed.2d 344 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted) (emphasis in original).

Starkey's claims against Defendants Collier, Linthicum, and Pulvino, along with his claims for injunctive relief, claims for damages against the Defendants in their official capacities, and claims for excessive force, are dismissed for failure to state a claim on which relief can be granted for the reasons stated above. There is therefore no need to determine whether the Defendants are qualifiedly immune from these claims.

Starkey's claims for deliberate indifference to his serious medical needs allege that his requests for medical care were ignored for months before he finally received treatment. (Dkt. No. 1 at 37–42). At the motion to dismiss stage, these allegations must

9

be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Because the duty to provide medical care to prisoners has been clearly established for decades, *see Estelle*, 429 U.S. at 103, 97 S.Ct. at 290, the Defendants have not established at this time that they are entitled to qualified immunity on Starkey's deliberate indifference claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Dkt. No. 58), is **GRANTED IN PART AND DENIED IN PART,** and the Court **ORDERS** as follows:

1. Starkey's claims for damages against the Defendants in their official capacities and his claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

2. All claims against Defendants Collier, Linthicum, and Pulvino, and Starkey's excessive force claim, are **DISMISSED WITH PREJUDICE**; and

3. The Motion to Dismiss is **DENIED** as to Starkey's deliberate indifference claims.

It is SO ORDERED.

Signed on January 16, 2024.

                                              **DREW B. TIPTON**
                                      **UNITED STATES DISTRICT JUDGE**