Case 4:19-cv-04055   Document 120   Filed on 03/31/25 in TXSD   Page 1 of 12
United States District Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROCK ANDREW STARKEY, § § Plaintiff, § § v. § § JOHN DOE, JOHN DOE, JOHN DOE, § CATHERINE MAYO, SEUNG TAEK § LIM, KHARI MOTT, and BRAD C. § BURNS, § § Defendants. § | Civil Action No. 4:19-CV-04055 |

## AMENDED MEMORANDUM OPINION AND ORDER

Brock Andrew Starkey is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed suit under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him and denied him medical care for his injuries. The Court granted in part and denied in part Defendants' Motion to Dismiss, (Dkt. No. 58), dismissing all claims except Starkey's deliberate-indifference allegations against the John Doe Defendants, Catherine Mayo, and Seung Take Lim (collectively, "Defendants") in their individual capacities, (Dkt. No. 88 at 10).[1]

---

[1] The Order dismissed Starkey's excessive-force claim against Defendant Brad C. Burns. (Dkt. No. 88 at 8–9). Because there are no other pending claims against Defendant Burns, (*see* Dkt. No. 1 at 5, 7) (including Defendant Burns in the lawsuit only because he was the "main corrections officer responsible for the assault"), he should have been dismissed following that Order. The Court therefore **DISMISSES** Defendant Burns from this case. The Order also did not address Starkey's claims against Defendant Khari Mott, against whom Starkey had already obtained a default judgment. (Dkt. No. 80).

Starkey's now moves for summary judgment, (Dkt. No. 94), and Defendant Seung Taek Lim cross-moves for summary judgment on Starkey's deliberate-indifference claim, (Dkt. No. 103).

After careful review on the pleadings, the motions, the record, and any applicable law, the Court **GRANTS** Lim's Motion, (Dkt. No. 103), and **DENIES** Starkey's Motion, (Dkt. No. 94). The Court also *sua sponte* **DISMISSES** the John Doe Defendants and Defendant Catherine Mayo from this action.

## I.     BACKGROUND[2]

Around February 2018, Starkey claims that TDCJ corrections officers—primarily Defendant Brad C. Burns—assaulted him at the Estelle Unit. (Dkt. No. 1 at 7). Following the alleged assault, Starkey was transported to Huntsville Memorial Hospital, but it is unclear whether he was admitted due to injuries from the incident or for a mental-health evaluation. (*Id.* at 8).

Eventually, Starkey returned to the Estelle Unit and began requesting medical care for physical injuries, though he does not clarify whether these were caused by the alleged assault. (*Id.*). For example, Starkey was seen by Lim on multiple occasions, including on January 29, 2018, (*id.* at 55), March 5, 2018, (*id.* at 57–58, 60), and June 25, 2018, (*id.* at 41, 43, 62–63). Starkey describes Lim as openly dismissive and antagonistic, refusing to acknowledge his symptoms or consider his need for medical intervention. (*Id.* at 41–42,

---

[2] Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

63–64). Starkey recounts that the examination on March 5 was perfunctory, consisting only of Lim briefly running his fingers along Starkey's neck before concluding that Starkey just needed to "stretch" or "exercise" more. (*Id.* at 52, 57, 60). Starkey further recounts that during the June 25th visit, Lim sarcastically asked him to diagnose himself, accused him of fabricating symptoms, and stated, "I don't answer to you." (*Id.* at 41, 63). Lim allegedly ended the examination by stating, "I'll be gone in two months . . . you can wait to see someone else then." (*Id.*).

Starkey claims that Lim not only failed to provide proper care but also actively obstructed his access to specialists, despite his persistent requests. (*Id.* at 43–44). He contends that Lim's behavior was retaliatory, stemming from prior complaints Starkey had filed against him with the Texas Board of Medical Examiners and within TDCJ. (*Id.* at 41–43, 63); (*see id.* at 23, 41–44) (TDCJ grievances); (*id.* at 56–58) (letter to the ACLU); (*id.* at 59–61) (letter to the Texas Board of Medical Examiners); (*id.* at 62–64) (letter to Board of Nurse Examiners). He describes Lim's behavior and neglect as willful and illegal, emphasizing that his medical issues remain untreated due to Lim's negligence. (*Id.* at 41–44, 51–52).

Around August 8, 2018, Starkey had a telemedicine consultation with Dr. Mark A. Barber, who reportedly suggested that Starkey might have a hernia. (*Id.* at 9). Dr. Barber ordered X-rays, so approximately one month later, Starkey was transferred to the Eastham Unit in Lovelady, Texas, where the imaging was conducted. (*Id.*).

Throughout 2018, he suffered from chronic pain, muscle spasms, joint issues, and possible nerve damage, primarily affecting his neck, back, and left side. (*Id.* at 59–60, 65).

3

And to this day, Starkey allegedly continues to experience pain from injuries related to the alleged assault and has been unable to obtain medical treatment from Defendants despite repeated attempts. (*Id.* at 10–11).

Lim paints a different picture, however. (*See generally* Dkt. No. 103). According to Lim, Starkey's medical records show that he received timely and appropriate treatment for his musculoskeletal complaints, including evaluations, X-rays, and prescribed treatments. (*Id.* at 3). Starkey himself acknowledges that Lim listened to his complaints, examined his neck and left foot, and provided medical advice. (*Id.* at 2–3, 6, 11–12) (citing Dkt. No. 1 at 57, 60).

Lim claims that Starkey began submitting frequent sick-call requests for musculoskeletal pain as early as January 2018, and his medical records show that he received multiple evaluations, diagnostic tests, and treatment recommendations from various medical providers. (*Id.* at 6–12) (citing Dkt. Nos. 105-2, 105-3). X-rays conducted in 2018 revealed no acute abnormalities in his left ankle, knee, hip, cervical spine, or lumbar spine. (*Id.* at 9–10) (citing Dkt. No. 105-2 at 49–51, 58; Dkt. No. 105-3 at 12, 29, 35). Despite Starkey's complaints of chronic pain, providers consistently noted that he exhibited a normal gait, full range of motion, and no signs of acute distress. (*Id.* at 7–11) (citing Dkt. No. 105-2 at 26–27, 33–34, 56–57). Even when Starkey reported worsening symptoms, he was prescribed medication, counseled on pain management, and referred for further evaluation. (*Id.* at 6, 8–11) (citing Dkt. No. 105-2 at 3, 28–29, 33–34, 43, 51, 58–59).

Lim also alleges that the medical records reveal how Starkey exhibited signs of altered mental status as early as January 29, 2018, when he was disoriented as to person, time, and place and was subsequently transferred to Huntsville Memorial Hospital for further evaluation. (*Id.* at 7) (citing Dkt. No. 105-2 at 6–7). Shortly thereafter, Starkey was placed in mental-health observation due to odd and bizarre behavior and suspected illicit substance use. (*Id.*) (citing Dkt. No. 105-2 at 8–10). Medical providers evaluated him, including through two interviews, where he was observed to be in no apparent distress. (*Id.*) (citing Dkt. No. 105-2 at 11–12, 14).

Starkey originally sued Defendants based on allegations of excessive force and deliberate indifference. (*Id.* at 14–17). Defendants moved to dismiss. (Dkt. No. 58). The Court granted the motion in part and denied in part. (Dkt. No. 88). The Court specifically dismissed (1) all claims for damages against Defendants in their official capacities; (2) Starkey's claims for injunctive relief; (3) his claims against Defendants Collier, Linthicum, and Pulvino; and (4) his excessive-force claim. (*Id.* at 10). The only remaining claims are Starkey's allegations that Defendants, in their individual capacities, were deliberately indifferent to his serious medical needs. (*Id.*).

Starkey moved for summary judgment on these claims, (Dkt. No. 94), filing a supplement to his motion more than a month later, (Dkt. No. 97). Defendants Brad C. Burns and Seung Taek Lim responded to Starkey's motion, (Dkt. No. 96), and Lim cross-moved for summary judgment on Starkey's deliberate-indifference claim against Lim in his individual capacity, (Dkt. No. 103).

## II.    LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).  And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v.*

*Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

And when parties cross-move for summary judgment, as in this case, courts review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *Amerisure Ins. v. Navigators Ins.*, 611 F.3d 299, 304 (5th Cir. 2010).

## III. DISCUSSION

The Eighth Amendment states that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. This provision "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Thus, an Eighth

7

Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). "Deliberate indifference" is more than mere negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S.Ct. at 1978. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836, 114 S.Ct. at 1974, 1978.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The Parties disagree about whether Starkey has provided enough evidence for his deliberate-indifference claim.[3] Starkey argues that Lim was deliberately indifferent to his serious medical needs by repeatedly dismissing his requests for care, providing

---

[3] Starkey suggests that the Court "already . . . found deliberate indifference," (Dkt. No. 97 at 2); (Dkt. No. 94 at 1), in the January 16, 2024, Order dismissing most of his claims, (Dkt. No. 88). The Court did not make a finding on this issue but instead held that Starkey had alleged a plausible claim of deliberate indifference. (*Id.* at 7–8).

8

inadequate examinations, and retaliating against him for filing complaints.[4] And despite submitting numerous sick call requests and grievances, he claims that he was consistently denied adequate medical treatment. (*See, e.g.,* Dkt. No. 1 at 42–44, 51–52, 57–58, 60, 63–64). Defendants respond that Starkey has not met the high legal standard for deliberate indifference. (Dkt. No. 96 at 2–3). They contend that Starkey has not shown that they were aware of and disregarded a serious risk to his health. (*Id.* at 3). Moreover, they argue that he has not established a constitutional violation or demonstrated that their actions were objectively unreasonable. (*Id.*). Accordingly, Defendants maintain that they are entitled to qualified immunity. (*Id.*).

In his cross-motion for summary judgment, Lim reiterates these arguments and elaborates on the medical care Starkey received. (*See* Dkt. No. 103). According to Lim, disagreement over the adequacy of this treatment does not meet the high standard for deliberate indifference under the Eighth Amendment. (*Id.* at 3, 5–6, 14). In fact, Lim argues that Starkey's broader medical history undermines his claim that Lim's actions demonstrated a willful disregard for his health because this documented history of medical attention disproves Starkey's allegation that Lim had a "subjective awareness of a substantial risk of serious harm to Starkey[] or that Lim consciously disregarded any such risk to Starkey." (*Id.* at 3). Finally, even if the Court were to find a potential constitutional violation, Lim believes that he is entitled to qualified immunity. (*Id.* at 12–

---

[4] Starkey's Motion for Summary Judgment is only one page, (Dkt. No. 94), and his Supplement adds just two pages of argument, (Dkt. No. 97 at 1–2). As a result, nearly all of Starkey's arguments regarding Lim's conduct are based on allegations made in his Complaint.

15). Starkey has not identified clearly established law demonstrating that Lim's actions were objectively unreasonable under the circumstances, (*id.* at 14–15), and given the documented medical care Starkey received, Lim argues that his examination and treatment recommendations fall within the discretion afforded to medical providers in correctional settings. (*Id.* at 15). Thus, Starkey cannot overcome Lim's entitlement to qualified immunity, and his claims should be dismissed. (*Id.*).

The Court agrees with Lim that Starkey has not presented sufficient evidence to create a genuine issue of material fact that Lim was deliberately indifferent to Starkey's medical care. Starkey alleges that he complained to Lim about his neck and foot, and Lim listened to his complaints and recommended exercise. (Dkt. No. 1 at 52, 57, 60). Starkey alludes to clinic notes from January 29, 2018, that were electronically signed by Lim to support his claim that Lim ignored complaints of musculoskeletal pain. (*See id.* at 55). But Lim's notes reflect that Starkey presented that day with an altered mental status and was disoriented as to person, time, and place. (Dkt. No. 105-2 at 6–7). He was transferred to Huntsville Memorial Hospital for further evaluation. (*Id.* at 6). There is no evidence that Starkey presented that day for musculoskeletal issues. (*See id.*).

Starkey was evaluated and treated in March and April 2018 for complaints of musculoskeletal tightness. (*Id.* at 17–18, 24–30). On June 25, 2018, Lim saw Starkey for complaints of intermittent tightness in his left shoulder, neck, back, ankle, and toe over the previous year. (*Id.* at 33–34). Lim's notes from that exam state that Starkey intentionally made a crepitus (cracking or popping sound) in his left ankle while being examined. (*Id.* at 33). Starkey was diagnosed with chronic pain and counseled to follow

up as needed. (*Id.*). Starkey was also seen over each of the next three months. (*Id.* at 37–45, 49–51). X-rays taken in September showed no abnormalities in Starkey's ankle, knee, spine, or hip. (*Id.* at 49–51); (Dkt. No. 105-3 at 23, 29, 35).

In sum, the record shows that Lim was far from "indifferent" to Starkey's medical needs and that Starkey in fact received extensive and appropriate medical attention. Lim is therefore entitled to summary judgment on the one remaining claim against him—deliberate indifference in his individual capacity—and is dismissed from this action.

Additionally, under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), the Court *sua sponte* dismisses the three John Doe Defendants and Defendant Catherine Mayo because (1) they are supervisory or administrative officials, and (2) Starkey makes no allegation that any of them is a medical provider or had authority to order that treatment be provided. (*See* Dkt. No. 1 at 4–5). The three John Does are supervisory or administrative officials who include (1) the Department Head of TDCJ Health Services Division Office of Professional Standards; (2) the University of Texas Medical Branch ("UTMB") Correctional Manager; and (3) the UTMB Department Head of Quality Services. Similarly, Defendant Mayo, as the TDCJ Health Services Investigator, is an administrative official who is included in the suit because "TDCJ Health Services Division employs investigators to investigate certain complaints of medical care being provided in TDCJ facilities. [This Defendant] was assigned to investigate complaints relevant to this civil action." (*Id.* at 5). Based on Starkey's Complaint describing his understanding of these Defendants' roles, it is (at best) unclear if Starkey believes these individuals are medical providers or had the authority to order that medical treatment be provided. (*See id.* at 4–5). And even if the

Court construed Starkey's Complaint to allege that Defendants Mayo and John Does *were* medical providers or had the authority to order that treatment be provided, the deliberate-indifference claims would nevertheless be dismissed against them for the same reason they are dismissed against Defendant Lim: there is insufficient evidence in the record to create a fact issue that Defendants Mayo or John Does were deliberately indifferent to Starkey's medical care. Therefore, these Defendants are dismissed. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii).

### IV.   CONCLUSION

For these reasons, Defendant Lim's Motion for Summary Judgment, (Dkt. No. 103), is **GRANTED**; Plaintiff Brock Andrew Starkey's Motion for Summary Judgment, (Dkt. No. 94), is **DENIED**; and Starkey's deliberate indifference claims against the remaining Defendants are **DISMISSED with prejudice**. The clerk is directed to **DISMISS** Defendants Brad C. Burns, Seung Take Lim, Catherine Mayo, and the three John Does from this action. All other pending motions are **DENIED AS MOOT**.

It is SO ORDERED.

Signed on March 31, 2025.

                                                                                           _____
                                                                                           **DREW B. TIPTON**
                                                                   **UNITED STATES DISTRICT JUDGE**