United States District Court
Southern District of Texas

**ENTERED**

November 14, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BROCK ANDREW STARKEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-CV-04055** |
| | § | |
| **KHARI MOTT,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION AND ORDER

Brock Andrew Starkey is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed suit under 42 U.S.C. § 1983, alleging that TDCJ officials used excessive force against him and denied him medical care for his injuries. A different court in this district entered a default judgment against Defendant Khari Mott after Mott failed to show cause. (Dkt. No. 80). Accordingly, the only question before the Court is the amount of damages to which Starkey is entitled.

For the reasons below, the Court **GRANTS** Brock Andrew Starkey's Motions to Enforce Judgment, (Dkt. Nos. 122–124), and **AWARDS** him (1) $100 in compensatory damages; (2) $465 in reasonable court costs; and (3) post-judgment interest.

### I.    BACKGROUND

Brock Andrew Starkey alleges that he was assaulted by TDCJ Correctional Officers at the Estelle Unit around February 2018. (Dkt. No 1 at 7). Following the assault, Starkey was sent to Huntsville Memorial Hospital. (*Id.* at 8). It is unclear, however, whether this hospitalization was for injuries sustained during the alleged assault or for a mental health

evaluation. (*Id.*). Starkey alleges that after his return to the Estelle Unit, he began requesting medical attention for physical injuries; again, it is unclear from his complaint whether these injuries resulted from the alleged assault.[1] (*Id.*).

Starkey complained on several occasions that TDCJ Officials failed to provide adequate medical care and failed to take his grievances seriously. (*Id.* at 8–11). Several of these complaints were either reviewed by Mott, (*id.* at 37–42, 45–46), or were directed to Mott, (*id.* at 51), because of Mott's role as the Estelle Unit Medical Business Manager,[2] (Dkt. No. 16 at 5). In these complaints, Starkey claimed that he had "been ignored when requesting medical care" and that his "condition [was] worsening because of continual neglect." (Dkt. No. 1 at 37). He concedes that he was seen by TDCJ medical professionals, (*see id.* at 37, 41), but claims that they were "openly aggressive" and failed to properly address his concerns, (*id.* at 41). Starkey also complained to Mott in a letter dated July 23, 2018, that TDCJ failed to release his medical records to his family. (*Id.* at 45). Mott responded to these grievances by explaining that Starkey had received proper care and that he could follow up as needed with TDCJ medical personnel. (*Id.* at 37–42, 45–46).

Unhappy with TDCJ and Mott's responses, Starkey filed this suit under 42 U.S.C. § 1983. (*Id.*) After failing to show cause for why judgment should not be entered, a default judgment was entered against Mott. (Dkt. No. 80). The Court held a hearing to

---

[1]     Starkey later testified at a damages hearing that he suffered injuries to his pelvis, shoulder, and left knee (specifically a joint effusion according to an x-ray of his knee) from the assault and that these injuries had mostly recovered. (*See* Sept. 4, 2025, Dkt. Minute Entry).

[2]     Starkey's complaint is devoid of information about Mott besides the job title, including even whether Mott is a man or woman. Starkey admitted in the damages hearing to never having seen Mott in person. (*See* Sept. 4, 2025, Dkt. Minute Entry).

determine damages in which Starkey testified under oath.  (Sept. 4, 2025, Dkt. Minute Entry).

## II.    LEGAL STANDARD

"After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  "Thus, the district court takes as true the facts asserted by a plaintiff against a defaulting defendant," *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022), but a party entitled to judgment by default is required to prove the appropriate amount of damages, *see L. Funder, LLC v. Munoz*, 924 F.3d 753, 761–62 (5th Cir. 2019), *as revised* (June 6, 2019); *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)).  If damages sought against a defendant are not ascertainable from documentary evidence or affidavits, the court may hold a hearing to determine the amount of damages.  *See UnitedHealthcare Ins. v. Holley*, 724 F.App'x 285, 289 (5th Cir. 2018) (per curiam) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).  "[T]he Court must then determine whether the relief requested is appropriate based on the governing law." *T-Mobile USA Inc. v. Shazia & Noushad Corp.*, No. 3:08-CV-00341, 2009 WL 2003369, at *3 (N.D. Tex. July 10, 2009).

"Damages awarded under 42 U.S.C. § 1983 are governed by common law tort principles." *Combs v. Holman*, 134 F.App'x 669, 670 (5th Cir. 2005) (per curiam) (citing *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306–07, 106 S.Ct. 2537, 2542–43, 91 L.Ed.2d 249 (1986).  A plaintiff may seek

3

compensatory damages and punitive damages. *Stachura*, 477 U.S. at 306–07 & n.9, 106 S.Ct. at 2542–43 & n.9. A plaintiff may also seek costs and reasonable attorney's fees. *DeLeon v. Abbott*, 687 F.App'x 340, 342 (5th Cir. 2017) (per curiam); *Universal Amusement Co. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978), *aff'd*, 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980).

## III. DISCUSSION

Because the damages sought were not readily ascertainable from documentary evidence or affidavits, the Court held a hearing to determine the appropriate amount. (*See* Dkt. No. 125); Fed. R. Civ. P. 55(b)(2). The only evidence Starkey presented was his sworn testimony. (*See* Sept. 4, 2025, Dkt. Minute Entry). The Court gave Starkey 30 days to submit additional evidence relating to his damages, however, no new evidence was submitted. (*Id.*). The Court evaluates Starkey's evidence to determine what "relief requested is appropriate based on the governing law." *T-Mobile USA*, 2009 WL 2003369, at *3.

### A. COMPENSATORY DAMAGES

Starkey requests $3,000,000 in compensatory damages. (Dkt. No. 1 at 16). "[C]ompensatory damages may include . . . out-of-pocket loss and other monetary harms," as well as injuries such as "mental anguish and suffering." *Stachura*, 477 U.S. at 307, 106 S.Ct. at 2543 (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974)); *Oby v. Sander*, 778 F.App'x 326, 327 (5th Cir. 2019) (per curiam).

Starkey has not presented sufficient evidence to justify awarding him compensatory damages for out-of-pocket expenses. None of the evidence in the record nor his testimony at the damages hearing provide the Court with proof of any out-of-pocket expenses. Besides costs associated with prosecuting this lawsuit, *see infra* Section III(C), Starkey does not assert that he has incurred or suffered monetary expenses associated with the events of this case such as medical expenses or loss income. Starkey did testify at the damages hearing, however, that he was asking for compensatory damages to cover potential future medical expenses. (*See* Sept. 4, 2025, Dkt. Minute Entry). Despite this, any future medical expenses that Starkey could incur are speculative at best given that he also testified that his injuries were mostly healed and that he still had 25 years left on his sentence. (*Id.*). As a result, the Court finds that he is not entitled to compensatory damages for out-of-pocket expenses.

Starkey may also receive compensatory damages for pain and suffering. "Physical injury, pain and suffering, personal humiliation, mental distress, and embarrassment are compensable under § 1983." *Jones v. Conner*, 233 F.3d 574, at *1 (5th Cir. 2000) (unpublished table decision) (citing *Baskin v. Parker*, 602 F.2d 1205, 1209 (5th Cir. 1979) (per curiam)); *Knight v. Kirby Offshore Marine Pac., LLC*, 983 F.3d 172, 180 (5th Cir. 2020) ("General damages are available for pain and suffering and their negative impact on one's normal life routines."); *Thompkins v. Belt*, 828 F.2d 298, 301–02 (5th Cir. 1987).

But valuing "damages for pain and suffering . . . presents unique challenges." *Recio v. Vasquez*, No. 5:18-CV-00264, 2023 WL 2144300, at *8 (N.D. Tex. Feb. 2, 2023) (citing *Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016)), *report and recommendation adopted*, 2023

WL 2142984 (N.D. Tex. Feb. 21, 2023). "When a damage award includes recovery for pain and suffering,"—which are, "to a large degree, not susceptible to monetary qualification"—the factfinder has "especially broad" discretion. *Cowart*, 837 F.3d at 455 (quoting *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1141 (5th Cir. 1991)); *see also Sulkowska v. City of New York*, 129 F.Supp.2d 274, 308 (S.D.N.Y. 2001) ("[T]he law does not provide a precise formula by which pain and suffering and emotional distress may be properly measured and reduced to monetary value.").

When courts act as factfinders, they may consider pain-and-suffering awards in cases with similar facts. *See, e.g., Johnson v. Hankins*, 582 F.App'x 306, 308 (5th Cir. 2014) (per curiam); *Wheat v. United States*, 860 F.2d 1256, 1259 (5th Cir. 1988); *Recio*, 2023 WL 2144300, at *8. But while "comparing damages awards in similar cases is helpful," the Fifth Circuit has emphasized that "each case depends on its own facts." *Wheat*, 860 F.2d at 1259. Analogous cases "provide an objective frame of reference, but they do not control [a court's] assessment of individual circumstances." *Id.* "[C]ommon sense dictates . . . that reference to other awards is more or less useful in relation to the number of cases available for comparison as well as the similarity between those cases." *Id.* (quoting *Wakefield v. United States*, 765 F.2d 55, 59–60 (5th Cir. 1985)). "Consequently, while a comparison with other awards might serve as a point of reference, such comparison is not controlling." *Id.* (citation modified) (quoting *Wakefield*, 765 F.2d at 59–60).

It is difficult for the Court to find comparable cases, however, because Starkey has provided little to no factual allegations regarding his assault or Mott's role in denying

him medical care. Moreover, there is a fundamental omission in Starkey's complaint: whether the medical attention, he attempted to receive following the assault was actually for the injuries he received from the assault. Even assuming that was the reason he sought medical attention, Starkey provides little evidence regarding those injuries. While he testified at the damages hearing to injuries to his pelvis, shoulder, and left knee, (Sept. 4, 2025, Dkt. Minute Entry), he gave no explanation of their severity or how they were exacerbated by lack of medical attention. The Court cannot award damages for pain and suffering on such a sparse record.

Starkey also failed to provide any evidence specifically demonstrating how Mott's actions caused him pain and suffering. The only evidence presented regarding Mott—Starkey's letter and his grievance forms responded to by Mott—indicate that Mott did not deny Starkey medical treatment and in fact informed him that he could see a medical professional if his pain persisted. (Dkt. No. 1 at 38, 40, 42) ("An appointment [with a medical professional] has been scheduled, however, if the pain persists prior to that please submit a sick call request.") ("Plan is as follows: . . . [follow up] as needed.") ("Patient was instructed to follow up as needed for pain and to submit a sick call request if needed. Standard of care has been met.").

Given the dearth of evidence presented by Starkey, the Court awards him only nominal compensatory damages of $100. *Compare Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983) ("Compensatory damages . . . are mandatory; once liability is found, the [factfinder] is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss."), *with Williams v. Bd. Of*

*Regents of Univ. Sys. of Ga.*, 629 F.2d 993, 1005 (5th Cir. 1980), *cert denied sub nom. Saye v. Williams*, 452 U.S. 926, 101 S.Ct. 3036, 69 L.Ed.2d 428 (1981) ("In a § 1983 action damages must be proved, rather than presumed." (citing *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)).

### B.    PUNITIVE DAMAGES

Starkey also requests $2,000,000 in punitive damages.  (Dkt. No. 1 at 16).  Punitive damages are available under Section 1983 "to punish as well as to deter the commission of similar offenses in the future," but they are considered "a harsh remedy and normally . . . not favored by law."  *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Creamer v. Porter*, 754 F.2d 1311, 1319 (5th Cir. 1985)).  They are available only if the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference" to federally protected rights.  *Smith*, 461 U.S. at 56, 103 S.Ct. at 1640; *Holmes v. Reddoch*, 117 F.4th 309, 320 (5th Cir. 2024) (quoting *Cowart*, 837 F.3d at 455).

Unlike compensatory damages, which are mandatory once liability is established, punitive damages are a "discretionary moral judgment."  *Smith*, 461 U.S. at 52, 103 S.Ct. at 1638; *Heaney*, 846 F.3d at 803 ("[U]nlike compensatory damages, punitive damages are never available as a matter of right, no matter how egregious the defendant's conduct may be." (quoting *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990))).  Thus, even if a plaintiff makes "a proper showing to justify an award of punitive damages," the decision to award them remains within the factfinder's discretion.  *Fitzgerald v. Harris Cnty. Sheriffs Off.*, No. 4:15-CV-01330, 2018 WL 2046969, at *3 (S.D. Tex. May 1, 2018) (citing *Creamer*, 754 F.2d at 1319); *Heaney*, 846 F.3d at 803.

Additionally, an award of punitive damages must be supported by the well-pleaded factual allegations in the complaint. *See Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."); *SEC v. McDuff*, 697 F.App'x 393, 394 (5th Cir. 2017) (per curiam) ("A default judgment must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" (quoting *Nishimatsu*, 515 F.2d at 1206)).

Nothing in Starkey's complaint demonstrates that punitive damages from Mott are appropriate. As an initial matter, Mott was not one of the officials that assaulted Starkey nor was Mott one of the medical providers that examined him after the assault. There is no indication that Mott is even a medical professional at all. Mott was merely the Unit Medical Business Manager that reviewed Starkey's grievances. Starkey has had no contact with Mott beyond the resolution of his grievances and the letter he sent in July 2018. (*See* Sept. 4, 2025, Dkt. Minute Entry).

Starkey also presented no evidence showing that Mott was deliberately indifferent to his grievances regarding his medical needs, let alone that Mott was "motivated by evil motive or intent" or showed "reckless or callous indifference" to Starkey's federally protected rights. *Smith*, 461 U.S. at 56, 103 at 1640. In fact, the records presented by Starkey indicate that Mott addressed each of his grievances with specific instances of Starkey receiving medical treatment from TDCJ. (Dkt. No. 1 at 37) (responding to Starkey's complaint that he had not been allowed to see a doctor by noting that he was prescribed medication and that he had already been scheduled for a future appointment with a medical provider); (Dkt. No. 1 at 40, 42) (responding to Starkey's complaint that

9

his condition had worsened because he was denied medical treatment by noting that a medical provider had already examined him and believed he was "a poor historian" and that he was intentionally exaggerating his symptoms).  Because these responses indicate neither evil intent nor callous indifference, the Court finds that there is no basis to award Starkey punitive damages from Mott.

### C.    Costs

Finally, Starkey seeks court costs and litigation expenses.  (Dkt. No. 1 at 17).  A prevailing party under Section 1983 can recover costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 752 (5th Cir. 2018); *U.S. ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 128 (5th Cir. 2015). Prevailing parties may also recover reasonable attorney's fees and related expenses under 42 U.S.C. § 1988(b).  *DeLeon*, 687 F.App'x at 342 (quoting *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)).  Starkey is the prevailing party, and the Court finds it reasonable to reimburse him for the costs associated with obtaining the default against Mott.  The Court therefore awards him $465 in court costs to cover the $400 filing fee and $65 fee incurred from attempting to serve Mott.[3]

* * *

---

[3]    The Court does not award Starkey the $505 filing fee from his appeal of Judge Hughes' Order denying his requests for default judgment and a preliminary injunction against all Defendants, (Dkt. No. 26), because that appeal was unsuccessful, (*See* Dkt. No. 47).

The Court awards Starkey: (1) $100 in compensatory damages; (2) $465 in reasonable court costs; and (3) post-judgment interest[4] at the applicable federal rate.[5] In total, Starkey is entitled to recover $466 from Mott, plus post-judgment interest at the applicable federal rate of 3.67%. *Post-Judgment Interest Rates*, U.S. Dist. & Bankr. Cts. of S. Dist. of Tex., https://www.txs.uscourts.gov/page/post-judgment-interest-rates-2025 (last visited Nov. 13, 2025).

Starkey is responsible for enforcing and collecting the judgment. *Fitzgerald*, 2018 WL 2046969, at *5.

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff Brock Andrew Starkey's Motion to Enforce Judgment, (Dkt. Nos. 122–124), and **AWARDS** him the following amounts:

1)   $100 in compensatory damages;

2)   $465 in court costs; and

3)   Post-judgment interest at the rate of 3.67%.

It is SO ORDERED.

---

[4]   Post-judgment interest "is awarded as a matter of course." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)).

[5]   The post-judgment interest rate is based upon the applicable federal rate. *See* 28 U.S.C. § 1961(a).

Signed on November 13, 2025.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**